VENABLE LLP
Sarah S. Brooks (SBN 266292)
ssbrooks@venable.com
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Plaintiff LILLEbaby, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLEBABY, LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BABY TULA LLC a/k/a NEW BABY TULA LLC, a Delaware limited liability company,<br><br>　　　　　　　Defendant. | Case No. **'19CV0445 WQHWVG**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LILLEbaby, LLC, for its Complaint against Defendant Baby Tula LLC a/k/a New Baby Tula LLC, alleges on its own knowledge and on information and belief as follows:

## NATURE OF THE CASE

1. This Action seeks damages and injunctive relief for patent infringement.

## PARTIES

2. Plaintiff LILLEbaby, LLC ("LILLEbaby") is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 700 12th Street, Golden, Colorado 80401.

3. On information and belief, Defendant Baby Tula LLC a/k/a New Baby Tula LLC ("Defendant" or "Baby Tula") is a limited liability company duly organized and existing under the laws of Delaware, having a principal place of business and/or headquarters at 2640 Financial Ct., San Diego, California 92117.

4. On information and belief, Defendant Baby Tula is a wholly owned subsidiary and/or affiliate of The Ergo Baby Carrier Inc. *See* https://babytula.eu/pages/alliance ("As of May 11, 2016, *Ergobaby has acquired Baby Tula*: two brands, sharing one mission… Both companies will continue to design and manufacture products under their current brand names. Ergobaby will continue to operate from their Los Angeles headquarters, while the Baby Tula baby headquarters will remain in San Diego.") (emphasis added).

## JURISDICTION AND VENUE

5. This is an Action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant Baby Tula because Defendant resides in California at 2640 Financial Ct., San Diego, California 92117,

and due to Defendant's continuous, systematic, and substantial contacts within the State of California including: (i) at least a portion of the infringement alleged herein occurs in California; and (ii) Defendant is regularly doing or soliciting business in California, engaging in other persistent courses of conduct in California, and/or deriving substantial revenue from goods and services provided to individuals in California. By way of example, Defendant Baby Tula sells its products, including the infringing, imported child carriers, throughout the United States including California through its online store at https://babytula.com which touts "free shipping on orders $39+ within the USA." *See* https://babytula.com/pages/terms-returns. And Defendant instructs consumers to send all returns and/or exchanged products to Defendant's aforementioned San Diego facility. *Id.* Moreover, Defendant further directs consumers to brick and mortar retail stores in California that warehouse and sell Baby Tula infringing child carriers—and where in turn—consumers can make in-store purchases of those carriers. *See* https://babytula.com/pages/find-a-retailer.

8.  Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 28 U.S.C. § 1400(b). Upon information and belief, Defendant Baby Tula has transacted business in this District and has committed acts of patent infringement in this District. Moreover, Defendant has a regular and established place of business in California and within this District.

## FACTUAL BACKGROUND

9.  Lisbeth Lehan, as a new mother, searched for a suitable child carrier after her first child was born. Unfortunately, she found available carriers wanting. Then-existing child carriers offered limited carrying positions and were quickly outgrown. In addition, they poorly distributed weight and were uncomfortable for both the child and transporting individual. Ms. Lehan purchased a carrier and tried it with her child. Unfortunately, her use of the carrier with her child caused her great discomfort.

10. Ms. Lehan's less than satisfactory experience with available child

carriers led her to create innovative carriers that are sold by her company, LILLEbaby. The LILLEbaby carriers are adaptable both to the child's development stage and size, and a child may be carried in various positions, such as facing inward or outward, and on the carrying individual's front, hip or back, which improves weight distribution. An illustration of these various carrying positions reproduced below.



11. From its humble beginnings, LILLEbaby has grown to become one of the leading child carrier producers on the market. Since then, LILLEbaby has marketed, promoted, advertised, and sold its child carriers and related products through multiple channels, including on its well-known website located at www.LILLEbaby.com.

12. The industry recognized the value of Ms. Lehan's innovation. Indeed, the LILLEbaby carrier has received numerous accolades and unsolicited media attention. For example, Baby Gizmo wrote "I feel like I had to buy 3 different carriers to get all the features LILLEbaby put into one." Baby Bottom Line said "The carrier is. . . the Mother of all carriers  . . . it's NUTS!  This . . . by far . . . is

the most functional carrier I have used!" The LILLEbaby carrier has also received numerous awards, including the "Mom's Choice Awards," the Babylist "Best Pick" award, the Tillywig "Parents' Favorite Products" award, the "Cribsie" award and is a Mom Trends "Must-haves" winner.

13. LILLEbaby has invested significant resources to protect its innovations, including pursuing patent protection as discussed *infra*.

14. LILLEbaby's patents have been infringed by parties including Defendant in this action.

## THE PATENTS-IN-SUIT

15. LILLEbaby is the owner of all rights, title and interest to U.S. Patent No. 8,172,116 ("the '116 Patent") entitled "Child Carrier Having Adaptive Leg Supports" issued on May 8, 2012. A copy of the '116 Patent is attached hereto as **Exhibit 1**.

16. LILLEbaby has the sole and exclusive right to prosecute this Action, enforce the '116 Patent against infringers including Defendant, and to collect damages on the '116 Patent for all relevant times.

17. LILLEbaby has complied with any applicable marking requirements under 35 U.S.C. § 287 for the '116 Patent.

18. LILLEbaby is the owner of all rights, title and interest to U.S. Patent No. 8,424,732 ("the '732 Patent") entitled "Child Carrier Having Adaptive Leg Supports" issued on April 23, 2013. A copy of the '732 Patent is attached hereto as **Exhibit 2**.

19. LILLEbaby has the sole and exclusive right to prosecute this Action, enforce the '732 Patent against infringers including Defendant, and to collect damages on the '732 Patent for all relevant times.

20. LILLEbaby has complied with any applicable marking requirements under 35 U.S.C. § 287 for the '732 Patent.

21. The '116 and '732 Patents are collectively referred to herein as the

"Asserted Patents."

## DEFENDANT'S INFRINGING CONDUCT

22. On information and belief, Defendant imports into the United States, sells for importation and/or sells after importation infringing child carriers in the United States.

23. Specifically, Defendant uses, offers to sell and sells within the United States, and imports into the United States, certain infringing child carriers including Baby Tula's Free to Grow and Explore products (hereinafter "the Accused Products").

24. By way of example, Defendant imports into the United States the Accused Products and offers to sell and sells those products in the United States through, *inter alia*, its own online store at https://babytula.com which touts "free shipping on orders $39+ within the USA." *See* https://babytula.com/pages/terms-returns.

25. Defendant advertises the Accused Products carriers under its own Baby Tula brand name.

26. The Accused Products are currently the subject of a Complaint filed by LILLEbaby seeking to commence an Investigation commenced by the U.S. International Trade Commission ("ITC") into violations of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("ITC Investigation"), for infringement of the Asserted Patents.

## COUNT I – INFRINGEMENT OF THE '116 PATENT

27. LILLEbaby restates and incorporates by reference the paragraphs above as if stated fully herein.

28. On information and belief, in violation of 35 U.S.C. § 271(a), Defendant has, literally and under the doctrine of equivalents, directly infringed at least claim 1 of the '116 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, and importing into the United States,

the Accused Products as described *supra*, and will continue to do so unless such infringing activities are enjoined by this Court.

29. Specific claim charts demonstrating Defendant's infringement of the '116 Patent for each of the Accused Products are attached hereto as **Exhibit 3**.[1]

30. LILLEbaby has suffered, and continues to suffer, damages and irreparable harm as a result of Defendant's past and ongoing infringement.

31. Unless Defendant's infringement is enjoined, LILLEbaby will continue to be damaged and irreparably harmed.

32. Defendant has had knowledge of the '116 Patent since at least the date of the filing of this Action.

33. Defendant's ongoing infringement of the '116 Patent has been willful and deliberate, making this an exceptional case and entitling LILLEbaby to recover enhanced trebled damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## COUNT II – INFRINGEMENT OF THE '732 PATENT

34. LILLEbaby restates and incorporates by reference the paragraphs above as if stated fully herein.

35. On information and belief, in violation of 35 U.S.C. § 271(a), Defendant has, literally and under the doctrine of equivalents, directly infringed at least claim 10 of the '732 Patent by, among other things, making, using, offering for sale, and/or selling within the United States, and importing into the United States, the Accused Products as described *supra*, and will continue to do so unless such infringing activities are enjoined by this Court.

36. Specific claim charts demonstrating Defendant's infringement of the '732 Patent for each of the Accused Products are attached hereto as **Exhibit 4**.

37. LILLEbaby has suffered, and continues to suffer, damages and irreparable harm as a result of Defendant's past and ongoing infringement.

---

[1] All claim charts attached hereto are for pleading purposes only—and shall not preclude nor be deemed replacements of LILLEbaby's infringement contentions to be served at a later date set by the Court in its Scheduling Order.

38.  Unless Defendant's infringement is enjoined, LILLEbaby will continue to be damaged and irreparably harmed.

39.  Defendant has had knowledge of the '732 Patent since at least the date of the filing of this Action.

40.  Defendant's ongoing infringement of the '732 Patent has been willful and deliberate, making this an exceptional case and entitling LILLEbaby to recover enhanced trebled damages and attorneys' fees pursuant to 35 U.S.C. §§ 284, 285.

## DEMAND FOR JURY TRIAL

41.  Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury of all issues triable of right to a jury and raised by the pleadings in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LILLEbaby requests that this court enter the following orders and judgments:

a.  Awarding damages no less than a reasonable royalty together with interests and costs;

b.  Preliminary and permanently enjoining Defendant and its parents, subsidiaries, divisions, officers, directors, agents, dealers, representatives, servants, employees, successors, assigns, and all parties acting in concert or participation with them, from infringing the Asserted Patents;

c.  Finding Defendant's infringement of the Asserted Patents to be willful

///
///
///
///
///
///
///

under 35 U.S.C. § 284 and trebling damages accordingly;

  d. Finding this to be an exceptional case and awarding LILLEbaby attorney fees under 35 U.S.C. § 285; and

  e. Awarding LILLEbaby such other and further relief as the Court deems just and proper.

Dated: March 6, 2019   VENABLE LLP

          By: /s/ Sarah S. Brooks
            Sarah S. Brooks
            Attorneys for *Plaintiff LILLEbaby, LLC*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900